IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRYANT DAVIS a/k/a BRYANT DAVIDSON,

    Plaintiff,

    v.

SERGEANT SMITH, et al.,

    Defendants.

Civil Action No.: MJM-24-2924

## MEMORANDUM

Self-represented plaintiff Bryant Davis a/k/a Bryant Davidson initiated this civil rights action pursuant to 42 U.S.C. § 1983 against Sergeants Smith, Awonjah, and Choctedjem (collectively, "Defendants"), correctional officers at Jessup Correctional Institution ("JCI"). ECF No. 5 (Amended Complaint). Davis brings claims for the denial of medical care while in segregation housing at JCI. On July 30, 2025, Defendants moved for dismissal or, alternatively, for summary judgment. ECF No. 11. Davis filed a response in opposition to the motion, ECF No. 16, and Defendants replied, ECF No. 17. Defendants also moved to seal two of their exhibits. ECF No. 13. Upon review of the record, exhibits, and the applicable law, the Court deems a hearing unnecessary. *See* Loc. R. 105.6. (D. Md. 2025). For reasons that follow, the Court will grant Defendants' motions.

### I. BACKGROUND

At all relevant times to the Amended Complaint, Davis was an inmate at JCI, housed in the B-Building. ECF No. 5 at 2. Defendants were correctional staff and employees of the Maryland Division of Corrections who supervised the unit where Davis was housed. Davis states that he has several medical conditions requiring medications that must be renewed every 90 days

at a chronic care appointment. *Id.* Because Davis was being housed in a segregation unit, Defendants, the supervisors of his unit, were informed by the medical staff of his chronic care schedule, which included an appointment prior to his medications expiring on June 6, 2024. *Id.* at 2–3. Defendants failed to escort Davis to his chronic care appointment, and his medications were not renewed until October 7, 2024. *Id.* at 3. He claims that Defendants were informed on June 6, 2024, and August 24, 2024, that he needed to attend these appointments. *Id.* Davis went without his pain and psychiatric medications for four months, causing him anxiety, depression, asthma attacks, nerve pain, and emotional distress. *Id.* Davis seeks monetary damages. *Id.*

In response, Defendants submit the declaration of Lt. Trieste Jenkins, the Administrative Remedy Procedure Coordinator at JCI. ECF No. 11-3. Lt. Jenkins attests that Davis filed 12 Administrative Remedy Procedure ("ARP") grievances between June 2024 and October 2024, when he was transferred to Western Correctional Institution ("WCI"). *Id.* at ¶ 5. None of these ARPs concerned the denial of medical care. *Id.* at ¶ 6. The Litigation Coordinator for WCI, Brook Brallier, further attests that none of the eight ARPs Davis filed between October 2024 and March 2025, while at WCI, concerned the alleged denial of medical care. ECF No. 11-4 at ¶ 6.

## II. MOTION TO SEAL

Defendants request that Exhibits A and D to their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment be sealed. ECF No. 13. Defendants state that both exhibits contain sensitive medical and behavioral health information. *Id.*

Local Rule 105.11 (D. Md. 2025), which governs the sealing of all documents filed in the record, states in relevant part: "[a]ny motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to

sealing would not provide sufficient protection." The Local Rule balances the public's common law right to inspect and copy judicial records and documents, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), with competing interests that sometimes outweigh the public's right of access, *see In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The common-law presumptive right of access "can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" *Doe v. Pub. Citizen*, 749 F.3d 246, 265–66 (4th Cir. 2014) (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). The public's right of access to dispositive motions and the exhibits filed within is protected to an even higher standard by the First Amendment. *See Rushford*, 846 F.2d at 253. This right also "extends to a judicial opinion ruling on a summary judgment motion." *Doe*, 749 F.3d at 267. The First Amendment's right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" *Id.* at 266 (citation omitted). "[S]ensitive medical or personal identification information may be sealed," but not where "the scope of [the] request is too broad." *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011) (citations omitted).

The Court finds that Defendants' request to seal these select medical records, which contain Davis's personal information and sensitive behavioral health details, is not overly broad. Furthermore, because the Court cannot reach the merits of the Complaint, Davis's medical records are not necessary for resolution of this matter. Defendants' Motion will be granted, and Exhibits A and D will remain under seal.

### III. STANDARD OF REVIEW

Defendants move to dismiss the complaint for failure to state a claim or alternatively for summary judgment. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may

3

seek dismissal for "failure to state a claim upon which relief can be granted[.]" To survive the challenge, the non-moving party must have pleaded facts demonstrating "a claim to relief that is plausible on its face." *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *U.S. ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

"[P]*ro se* filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (second alteration in original) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). "[L]iberal construction does not require [the Court] to attempt to 'discern

the unexpressed intent of the plaintiff,' but only to determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)).

The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The Court also may consider judicially noticed facts and documents "integral to and explicitly relied on in the complaint" when their authenticity is not disputed. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)); Fed. R. Evid. 201(b). When the parties present and the Court considers matters outside the pleadings on a Rule 12(b)(6) motion, the Court must treat the motion as one for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

The Court notified Davis that he had the right to respond to Defendants' motion, that the motion could be construed as one for summary judgment, and that if Davis did not file a timely and adequate written response, the Court could dismiss the case or enter judgment against him without providing him another opportunity to respond. ECF No. 14. Moreover, Defendants' motion, which identifies summary judgment as possible relief, provided sufficient notice for Davis to have a reasonable opportunity to present relevant evidence in support of his position. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). Davis has

5

filed a response in opposition to Defendants' motion. ECF No. 16. Thus, the Court is satisfied that Davis has been advised that Defendants' motion could be treated as one for summary judgment and that he has been given a reasonable opportunity to present materials in response to the motion.

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in support of its position. Fed. R. Civ. P. 56(c)(1)(A). Then, "[t]o avoid summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment. *Id.* at 252. The Court "should not weigh the evidence." *Perkins*, 936 F.3d at 205 (quoting *Anderson*, 477 U.S. at 249). However, if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," then summary judgment is appropriate. *Id.* (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In ruling on a motion for summary judgment, this Court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party." *Perkins*, 936 F.3d at 205 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996)).

## IV. DISCUSSION

### A. Eleventh Amendment Immunity

Under the Eleventh Amendment to the United States Constitution, a state and its agencies and departments are immune from citizen suits in federal court absent state consent or Congressional action. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Claims against state employees acting in their official capacities are also subject to Eleventh Amendment immunity because a suit against the state actor is tantamount to a suit against the state itself. *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985). The State of Maryland has not waived such immunity for claims brought pursuant to § 1983. To the extent that Davis sues Defendants in their official capacities, the claims must be dismissed.

### B. Exhaustion of Administrative Remedies

The Prisoner Litigation Reform Act ("PLRA") provides, in pertinent part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The doctrine governing exhaustion of administrative remedies has been well established through administrative law jurisprudence. It provides that a plaintiff is not entitled to judicial relief until the prescribed administrative remedies have been exhausted. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Therefore, a claim that has not been exhausted may not be considered by this Court. *See Jones v. Bock*, 549 U.S. 199, 219–20 (2007). In other words, exhaustion is mandatory, and a court ordinarily may not excuse a failure to exhaust. *See Ross v. Blake*, 578 U.S. 632, 639 (2016) (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining that "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion") (alteration in original)).

However, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones*, 549 U.S. at 215–216; *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005).

Ordinarily, an inmate must follow the required procedure to exhaust their administrative remedies. *Moore v. Bennette*, 517 F.3d 717, 725, 729 (4th Cir. 2008); *see also Langford v. Couch*, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("The . . . PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines . . . ." *Woodford*, 548 U.S. at 88. This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). But the Court is "obligated to ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d

1223, 1225 (10th Cir. 2007); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) (finding that "the inmate cannot be required to exhaust [administrative remedies] . . . when prison officials prevent inmates from using the administrative process").

The Maryland Department of Public Safety and Correctional Services ("DPSCS") has an established the "administrative remedy procedure" ("ARP") for use by Maryland state prisoners for "inmate complaint resolution." *See generally* Md. Code Ann., Corr. Servs. ("C.S."), § 10-201 *et seq.* (2025); Md. Code Regs. ("COMAR") 12.07.01.01B(1) (defining ARP). The grievance procedure applies to the submission of "a grievance against an official or employee of the Division of Correction ['DOC'] . . . ." C.S. § 10-206(a). Regulations promulgated by DPSCS concerning the ARP process define a "grievance" to include a "complaint of any individual in the custody of the [DOC] against any officials or employees of the [DOC] arising from the circumstances of custody or confinement." COMAR 12.07.01.01B(8). To pursue a grievance, a prisoner confined in a Maryland prison may file a complaint with the Inmate Grievance Office ("IGO") against any DOC official or employee. *See* C.S. § 10-206(a). When the ARP process provides a possible remedy, it must be followed and completed before an inmate may file a grievance with the IGO. However, if the prison has a grievance procedure that is approved by the IGO, the prisoner must first follow the institutional ARP process before filing a grievance with the IGO. *See* C.S. § 10-206(b).

The ARP process consists of multiple steps. For the first step, a prisoner is required to file his initial ARP request with his facility's "managing official," COMAR 12.02.28.05D(1), which is defined by COMAR 12.02.28.02B(14) as "the warden or other individual responsible for management of the correctional facility" and defined under C.S. § 1-101(m) as "the administrator, director, warden, superintendent, sheriff, or other individual responsible for the management of a

correctional facility."  Moreover, the ARP request must be filed within 30 days of the date on which the incident occurred, or within 30 days of the date the prisoner first gained knowledge of the incident or injury giving rise to the complaint, whichever is later.  COMAR 12.02.28.09B.

The second step in the ARP process occurs if the managing official denies a prisoner's initial ARP or fails to respond to the ARP within the established time frame.  The prisoner has 30 days to file an appeal to the Commissioner of Correction.  COMAR 12.02.28.14B(5).

If the Commissioner of Correction denies an appeal, the prisoner has 30 days to file a grievance with the IGO.  COMAR 12.02.28.18; C.S. § 10-206(a); COMAR 12.07.01.05B.[1]  When filing with the IGO, a prisoner is required to include copies of the following: the initial request for administrative remedy, the warden's response to that request, a copy of the ARP appeal filed with the Commissioner of Correction, and a copy of the Commissioner's response.  COMAR 12.07.01.04B(9)(a).

If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it "without a hearing . . . ."  C.S. § 10-207(b)(1); *see also* COMAR 12.07.01.06B.  An "order of dismissal constitutes the final decision of the Secretary [of DPSCS] for purposes of judicial review."  C.S. § 10-207(b)(2)(ii).  However, if a hearing is deemed necessary by the IGO, the hearing is conducted by an administrative law judge with the Maryland Office of Administrative Hearings.  *See* C.S. § 10-208(a); COMAR 12.07.01.07.  The conduct of such hearings is governed by statute.  *See* C.S. § 10-208; COMAR 12.07.01.07D; Md. Code Ann., State Gov't, § 10-206(a)(1).

A decision of the administrative law judge denying all relief to the inmate is considered a final agency determination.  C.S. § 10-209(b)(1)(ii); COMAR 12.07.01.10A(2).  However, if the

---

[1] If the Commissioner fails to respond, the grievant shall file an appeal within 30 days of the date the response was due.  COMAR 12.07.01.05B(2).

ALJ concludes that the inmate's complaint is wholly or partly meritorious, the decision constitutes a recommendation to the Secretary of DPSCS, who must make a final agency determination within fifteen days after receipt of the proposed decision of the administrative law judge. *See* C.S. §§ 10-209(b)(2), (c); COMAR 12.07.01.10B.

The statute provides for judicial review. C.S. § 10-210. But "[a] court may not consider an individual's grievance that is within the jurisdiction of the [Inmate Grievance] Office or the Office of Administrative Hearings unless the individual has exhausted the remedies provided" in C.S. §§ 10-201 through 10-210. C.S. § 10-210(a).

Here, it is undisputed that Davis did not initiate the grievance procedure available to him at JCI or WCI concerning the allegations in his Complaint. Davis, who filed numerous ARPs while incarcerated at both institutions, did not file anything complaining about Defendants' failure to escort him to chronic care or otherwise ensure that he received medical care. Davis's response in opposition to the Motion does not assert that he made any such attempt to file an ARP nor that the grievance procedure was unavailable to him. As such, having not filed an ARP nor appealed through the grievance process, the Court finds that Davis's claims are unexhausted and therefore must be dismissed.

## V. CONCLUSION

For the foregoing reasons, the Court shall grant Defendants' Motions. Davis's claims against Defendants are dismissed without prejudice for failure to exhaust administrative remedies.

A separate Order follows.

___11/24/25___  
Date

Matthew J. Maddox  
United States District Judge

11